NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-CV-35-KKC

JERRY EUGENE MUCKER                                                                  PLAINTIFF

VS:                **MEMORANDUM OPINION AND ORDER**

BILL REED, ET AL.                                                                         DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

Jerry Eugene Mucker, an individual presently confined at the Northpoint Training Center in Burgin, Kentucky, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983, together with a motion for appointment of counsel. He later filed an application to proceed *in forma pauperis*, which will be granted by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

CLAIMS

The plaintiff alleges that while he was confined in the Franklin County Jail, his

problems were not properly addressed. The Court construes Plaintiff's allegation as an Eighth Amendment claim.

## NAMED DEFENDANTS

As defendants, the plaintiff has named the Franklin County Jailer James Kemper; Deputy Jailer Bill Reed; and a John Doe dentist who treated him at the jail.

## RELIEF REQUESTED

The plaintiff seeks injunctive relief and damages.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the plaintiff's factual allegations about events occurring in the Franklin County Jail.

The plaintiff alleges that he had an appointment for a Franklin County dentist to extract an upper right tooth, the fourth tooth back from his eye tooth. The plaintiff states that he was given 12 shots of Xylocaine, 6 on each side; then the dentist used pliers on the tooth, pulling to the right such that the tooth broke off, chipping off half of the tooth and a huge portion of his gum. The site later became infected. The plaintiff states that "all of this happened in May 04."

The plaintiff alleges that he "entered a complaint and grievance to Jailer James Kemper and Deputy Jailer Bill Reed," but they never responded. Additionally, he states that he filed a grievance with a Nurse Rogers, who told him that it was just put in a file. Eventually, however, he was allowed an appointment to see a Hardin County dentist who purportedly told him that he was shocked at the damage another dentist had done. This dentist drained, cleaned, and sutured the site of the infection, thus partially repairing the damage allegedly

caused by the previous dentist.

At the close of his complaint, signed on May 12 and filed on June 3 of 2005, the plaintiff demands damages for his physical, mental and emotional pain; and the revocation of the defendant dentist's license to practice.

DISCUSSION

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* pleading must be taken as true and construed in favor of the petitioner. See *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

The instant plaintiff does not allege a violation of a federal right. Even liberally construing the instant complaint as a claim that the named defendants subjected him to cruel and unusual punishment, in violation of the Eighth Amendment, however, the Court will not permit the plaintiff to pursue this claim. The Supreme Court has held that "[i]n order to state a cognizable claim [under the Eighth Amendment with regard to medical care] a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to the plaintiff's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Therefore, a prisoner must show both "deliberate indifference" and "serious medical needs." *Id.*

Deliberate indifference may be "manifested by prison doctors in their response to a prisoner's needs or by prison [staff] in intentionally denying or delaying access to medical care

or intentionally interfering with the treatment once prescribed." *Id.* at 104. However, when a plaintiff-prisoner claims deliberate indifference to his serious medical needs but the case involves a mistake in diagnosis and treatment, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106.

At most, the instant plaintiff has stated a malpractice claim against the dentist, which is not cognizable under §1983. *Id.*; *Birrell v. Brown*, 867 F.2d 956, 958 (6th Cir. 1989). With regard to the other defendants, the plaintiff does allege that they sent him to that dentist with any knowledge or intent that the petitioner would be harmed there. *See Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988); *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979).

In short, the prisoner-plaintiff herein has failed to state a constitutional claim, and dismissal of his complaint is warranted. This action would also be dismissable summarily on another ground. The statute of limitations had run by the time the plaintiff filed the complaint. The state statute of limitations for personal injuries governs claims under the federal constitution and 42 U.S.C. §1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986).

In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140; *see also University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989), *cert. denied*, 497 U.S. 1025 (1989) and 498 U.S. 938 (1990). Therefore, the statute of limitations which this Court must apply for civil rights actions arising in Kentucky is one year. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (§1983 actions in Kentucky are limited by the one-year statute of limitations found in §413.140(1)(a)).

In his initial pleadings, the plaintiff has twice written that "all of this happened in May 04." Yet he did not file the instant lawsuit in April or May of 2005. The postmark on the envelope containing the pleadings shows that the contents were mailed on June 2, 2005. Finally, while the statute of limitations is normally tolled during the period of administrative proceeding (*Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir.2000)), the instant plaintiff claims that there were none in his case.

The Sixth Circuit has routinely affirmed *sua sponte* dismissals when the plaintiff's claim(s) were clearly barred by the statute of limitations. *See Stimac v. Bostick*, 7 F.3d 235, 1993 WL 384999 (6th Cir. 1993) (Table, unpublished) (district court properly dismissed complaint as frivolous as claims either barred by statute of limitations or properly pursued through habeas corpus); *Martin v. Wigginton*, 999 F.2d 540 (6th Cir. 1993) (Table, unpublished) (plaintiff's claims under Eighth and Fourth Amendments properly construed as frivolous as they were barred by the statute of limitations); *Mercer v. Lexington Fayette Urban County Government*, 52 F.3d 325, 1995 WL 222178 (6th Cir. 1995) (Table, unpublished) (citing *See* Ky. Rev. Stat. §413.140(1)(a); *see also Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). The instant action is one such case.

There is one remaining matter. The plaintiff's complaint was accompanied by a motion for appointment of counsel, evidently pursuant to 28 U.S.C. §1915(e). *See Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Because the instant action will be dismissed for failure to state a claim/frivolousness, however, the motion is rendered moot, as there are "no actual, ongoing controversies" to litigate herein. *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487, 492 (6th Cir. 1995) (quoting

*Honig v. Doe*, 484 U.S. 305, 317 (1988) and citing Article III of the U. S. Constitution ).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1)     The plaintiff's motion for appointment of counsel [Record No. 2] is **DENIED**; and

(2)     the plaintiff's Eighth Amendment claim herein is **DISMISSED**, with prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the 25th day of August, 2005.

Signed By:

*Karen K. Caldwell*   KKC

**United States District Judge**